**In re OGDEN MODULARS, INC., Debtor.**

**Bankruptcy No. 93–43108–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

July 19, 1995.

Steven T. Stanton, Edwardsville, IL, for debtor.

Peter D. Kerth, Clayton, MO, for Curt Ogden.

A. Thomas DeWoskin, Operating Trustee, St. Louis, MO.

Robert E. Eggmann, St. Louis, MO, for Operating Trustee.

David A. Warfield, St. Louis, MO, for Mark Twain Bank.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The trial of the motion of Ogden Modulars, Inc. ("Chapter 11 Debtor") for contempt and sanctions against Curt Ogden and Curt Ogden Equipment Company ("Respondents") was conducted on July 12 and 13, 1995. The matter was thereafter submitted to the Court. This Order is entered on a consideration of the record as a whole.

This is a core proceeding pursuant to Section 157(b)(2)(A) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri. This Order includes the final findings and conclusions and orders of the Bankruptcy Court.

This voluntary Chapter 11 case was commenced on June 4, 1993. The Debtor operated its business as a Debtor in Possession through confirmation of its liquidating plan of

reorganization on June 30, 1994. After a trial on certain consolidated motions, the Court entered an Order dated April 3, 1995, that revoked and set aside the Order of Confirmation of the Debtor's plan, removed the Debtor as Debtor in Possession, and directed the appointment of an Operating Trustee. The Order of Confirmation was set aside in part because the Respondents in this matter had established that the Debtor's officers had failed to disclose that certain payments were being made from estate assets to the Debtor's President; that the Debtor's officers had used the Debtor's property for personal gain; and that certain of the Debtor's income had been diverted to an officer of the Debtor.

On November 4, 1994, while the Debtor was operating under the terms of its confirmed plan, it filed this motion for contempt and sanctions. Shortly before the trial of this matter, Counsel for the Operating Trustee announced that the Operating Trustee had not had sufficient time to investigate the value of the Debtor's motion for contempt and sanctions. Therefore, the Operating Trustee did not retain Debtor's Bankruptcy Counsel to prosecute this action on behalf of the Trustee, and did not take part in the trial of this matter.

The Debtor began its business operations in 1989 after it purchased the Respondents' trailer division. At that time, the Debtor was known as Murphy Leasing Company, Inc. It subsequently changed its name to Ogden Modulars, Inc. In May, 1993, prior to the commencement of this case, the Respondents obtained a nonbankruptcy court judgment in the approximate amount of $1,800,-000.00 against the Debtor. In this motion, the Debtor has alleged that the Respondents violated the automatic stay provisions of 11 U.S.C. § 362 by continuing to collect upon this prepetition judgment debt after the commencement of this case.

The Debtor has argued further that the Respondents should be held in contempt of Court and should otherwise be sanctioned under Rule 9011, Federal Rules of Bankruptcy Procedure, as a result of their actions in opposing the Debtor's efforts to avoid and recover certain prepetition and postpetition transfers. On August 16, 1993, after the Respondents refused the Debtor's demand to surrender certain assets, the Debtor commenced an Adversary Proceeding for turnover. More than seven months later, on March 29, 1994, the Bankruptcy Court signed an agreed order and judgment in favor of the Debtor and against the Respondents in the amount of $23,998.47 on the eve of trial of the Debtor's adversary complaint.

■ The record in this matter clearly indicates that the Respondents were in violation of the automatic stay of Section 362, through at least the entry of the consent judgment on the complaint for turnover. Prior to the commencement of this case, Curt Ogden, individually, and on behalf of Curt Ogden Equipment Company sent letters to the Debtor's receivables accounts directing that future payments involving the Debtor were to be made directly to Curt Ogden. After the commencement of this case, the Respondents refused to take any action to reverse their directives in the prepetition letters, collected and received payments from the Debtor's receivable accounts, and accepted the return of certain personal property that had originally been under lease from the Debtor. These postpetition actions continued after the Respondents had received written notice of the commencement of this case, and after Debtor's Counsel had communicated orally and in writing his request for compliance with Section 362 and a demand for turnover of the Debtor's property.

The Court finds and concludes that the Respondent's postpetition collection activity upon a prepetition debt was a violation of the automatic stay.

■ After receipt of actual knowledge of the commencement of this case, the Respondents refused to cease their collection activity; refused to provide an accurate and complete accounting of the assets collected; and refused to turn over estate property to the Debtor after a reasonable demand had been presented. Upon consideration of the record as a whole, including the testimony presented at this trial, the Court finds and concludes further that the Respondents' violations of the automatic stay were willful. As a result

of these willful violations of the stay, the Debtor has requested actual and punitive damages.

■ Section 362(h) of the Bankruptcy Code permits the recovery of such damages when an individual is injured by a willful violation of a stay. However, only a debtor who is a natural person is an "individual" who can recover under Section 362(h). As a corporate entity, this Debtor is not entitled to such relief in this case. *Maritime Asbestosis Legal Clinic v. LTV Steel Company, Inc.,* 920 F.2d 183, 21 BCD 206 (2nd Cir. 1990).

■ A bankruptcy court order, which compensates a debtor for injuries suffered as a result of a creditor's violation of the automatic stay, is both necessary and appropriate to carry out the provisions of the Bankruptcy Code and to enforce or implement a previous court order. *See In re Skinner,* 917 F.2d 444, 447 (10th Cir.1990). The weight of authority recognizes that 11 U.S.C. § 105(a) empowers bankruptcy courts to enter civil contempt orders. *Id.* at 447.

■ In the circumstances presented in this case, the Debtor was injured by the Respondents' violation of the automatic stay in that expenses were incurred in prosecuting an adversary complaint to avoid and recover the postpetition transfers that resulted from the postpetition collection activity. The consent order in the Adversary Proceeding included the Respondents' acknowledgment that the judgment reflected transfers that occurred both before and after the commencement of this case. Therefore, the measure of damages in this matter is the reasonable costs and expenses directly related to the Debtor's actions that were necessitated by the Respondents' unreasonable refusal to turn over estate property.

As and for sanctions for the continued violation of the automatic stay, the Debtor shall have judgment in an amount equal to the reasonable attorney's fees and necessary costs directly associated with the prosecution of the Adversary Complaint for turnover (No. 93–4443). The Adversary Proceeding was necessitated by the Respondents' willful violation of the automatic stay. Although the judgment amount does not include the costs incurred by the Debtor in collecting the judgment, the amount is fair in view of the acrimony that has been displayed on both sides of this controversy. This judgment amount is based on a consideration of the record as a whole including the fact that the Debtor ultimately collected the full amount of the agreed upon judgment that represented the value of the prepetition transfers as well as the value of those transfers that were in violation of the automatic stay.

The Court has reviewed the Debtor's Attorney's fees applications and has identified those services that were directly related to the Adversary Proceeding. These services, in the amount of $4,962.50, are highlighted with a circle on Attachment "A" (included with the Court file copy and attorneys' copies *only* ). The services were performed during the period between June 10, 1993, shortly before the Adversary Complaint was filed, and March 28, 1994. The consent judgment was dated March 29, 1994. The expenses allowed as part of the sanctions here are the fee required for commencing the Adversary Proceeding ($120.00) and certain costs of a deposition ($309.20). The total amount of the judgment for sanctions against the Respondents for violation of the automatic stay is $5,391.70.

■ The remaining portions of the Debtor's motion request the imposition of sanctions for the allegedly contemptuous actions by the Respondents. The actions alleged by the Debtor partially overlap the actions that have been found to be in violation of the automatic stay and include: sending collection letters to the Debtor's receivables accounts; collecting payments from the Debtor's receivables accounts; failing to account for and turnover assets of the Debtor; filing an answer to the Adversary Complaint for turnover that denied the allegations, when the Respondents should have known that the allegations were correct; deposing an officer of the Debtor as an aid to collection rather than as a part of the defense of the Adversary Proceeding; failing to negotiate in good faith; canceling the appearance of a witness on the eve of a deposition; failing to prosecute a motion for the appointment of a trust-

ee; continuing to defend against the turnover complaint after discovering circumstances that undermined their position; and obstructing the Debtor's attempts to collect upon the consent judgment entered in the proceeding for turnover. In varying degrees, the record in this case has corroborated portions of the Debtor's account of these actions.

■ Generally, the standard for the imposition of sanctions is that a document was filed frivolously or for an improper purpose. *See Zaldivar v. City of Los Angeles,* 780 F.2d 823, 830 (9th Cir.1986). In one instance, an improper purpose was found to exist because of harassment or abusive litigation activity. *In re Marathon Home Loans,* 101 B.R. 216, 19 BCD 641 (Bankr.E.D.Cal.1989).

■ However, sanctions will not be imposed where a party's actions are based upon a plausible legal argument that was nonetheless ultimately unsuccessful. *In re Tidewater Memorial Hospital, Inc.,* 106 B.R. 876, 19 BCD 1619 (Bankr.E.D.Va.1989).

■ The individuals who are associated with the corporate entities in this matter are related to one another. Curt Ogden (Respondent), the President of Curt Ogden Equipment Co. (also a Respondent) is the father of Greg Ogden, Vice President of the Debtor (Movant). Maria Montgomery, President of the Debtor, is Greg Ogden's mother. Bankruptcy courts are generally advised to tread carefully when asked to impose sanctions where the underlying actions involve marital disputes. *See Carver v. Carver,* 954 F.2d 1573, 22 B.C.D. 1147 (11th Cir.1992). Although this matter does not directly involve maintenance, alimony or support, the record suggests that much of the litigation in this case is a continuation of earlier proceedings that may have originated in a domestic relations court. In view of the expense and delay that has resulted from the Bankruptcy litigation, it is difficult to identify any benefit that has resulted to the estate.

The Court has determined that while the Respondents' actions in this case cannot be condoned or encouraged, in the circumstances in which they occurred they are not contemptuous or sanctionable. The Debtor's requests pursuant to Rule 9011 and 9020 will be denied.

IT IS **ORDERED** that this matter is concluded; and that the Debtor's request to find that the Respondents are in contempt of Court is **DENIED** except as otherwise specifically determined herein; and

That the Debtor's request to find that the Respondents are in violation of Rule 9011(a) of the Federal Rules of Bankruptcy Procedure is **DENIED**; and

That the Debtor's request to determine that the Respondents have flagrantly disregarded the integrity of the Court by establishing a pattern and practice of contemptuous conduct, by a series of Rule 9011(a) violations, and by abuse of the discovery process is **DENIED**; and

That the Debtor's request for damages is **GRANTED IN PART**, in that, as and for sanctions pursuant to 11 U.S.C. § 105, for the Respondents' willful violations of the automatic stay of Section 362, the Respondents, jointly and severally are to pay to the Debtor the reasonable attorneys fees and costs directly related to prosecution of the Debtor's Adversary Complaint for turnover of certain property, in the following amounts: attorney's fees as determined by the Court on review of the application for fees, in the amount of $4,962.50; filing fee for commencement of the Adversary Proceeding in the amount of $120.00; and costs of a deposition of Curt Ogden as invoiced on December 17, 1993 in the amount of $309.20, for a total judgment in the amount of $5,391.70; and that all other requests for relief in this matter are **DENIED**.